[Decided January 27, 1887.]

## EDWARD KRATZ AND J. W. BOMER *v.* I. R. DAWSON.

1. APPEAL — RECORD — OBJECTION NOT TAKEN BELOW. — When the transcript shows that, subsequently to the denial of a motion to strike out plaintiff's reply, a new complaint was filed, and a new chain of pleading made up to the reply, to which no objection was saved, and upon which the judgment appealed from was founded, the appellant cannot insist that the refusal to strike out the reply was error.

2. SAME — WHAT CONSIDERED — ATTACHMENT — DISSOLUTION — COSTS. — When the record on appeal shows that defendants in an attachment suit retook possession of the attached property on giving a forthcoming bond, a refusal of the lower court to quash and dissolve the attachment on

their motion cannot be considered by the Supreme Court of Washington Territory, unless as affecting the taxation of costs, and not then when no error in that matter is assigned.

ERROR to the District Court holding terms at Olympia. Second District.

The defendant in error, being plaintiff in the court below, sued out a writ of attachment and attached a stock of merchandise. The plaintiff in error, being defendant in the lower court, moved to quash the writ, which motion was denied. He then retook possession of attached property by giving a forthcoming bond as provided by section 189 of the Code. In framing the issues, defendant urged a motion to strike the reply, which motion was denied. Thereafter the parties, without objection, filed new pleadings, consisting of complaint, answer, and reply. The denial of the motion to strike the first reply was urged as error. After trial there was a verdict and judgment for plaintiff, from which defendant appealed.

*Mr. C. W. Hartman,* and *Mr. C. H. Ayer,* for the Plaintiff in Error.

The attachment should have been quashed and dissolved. (1 Wade on Attachment, pp. 222–228; also sec. 288, and authorities there cited.) The refusal of the court to strike plaintiff's reply was error. (*Paget* v. *Cook,* 1 Allen, 332; *Picard* v. *McCormick,* 11 Mich. 68; *Haighton* v. *Carpenter,* 40 Vt. 558; *Puget Sound Iron Co.* v. *Worthington,* 2 Wash. 472.)

*Mr. Joseph W. Robinson,* and *Mr. N. S. Porter,* for the Defendant in Error.

The denial of the motion to quash attachment was not error. (Drake on Attachments, secs. 124, 132, 415; Code, sec. 176.) In support of the ruling of the court refusing to strike reply, they cited Moak's Van Santvoord's Pleading, 710 et seq.

Mr. Chief Justice GREENE delivered the opinion of the court.

Upon the record before us, it is urged that we should reverse the ruling of the District Court in refusing to quash and dissolve the attachment on the defendant's motion. It appears that he retook possession of the attached property on giving a forthcoming bond. We do not see how the correctness of the action of the District Court in the premises could be questioned here, unless as affecting the taxation of costs. No error in that matter is assigned. It is also claimed, by plaintiff in error, that the District Court erred in denying defendant's motion for an order striking out the plaintiff's reply. It does not appear to us that such denial was error, but assuming that it was, defendant cannot insist upon it in this court, for the transcript shows that subsequently a new complaint was filed and a new chain of pleading made up to the reply, in which no objection was saved, and upon which the judgment appealed from is founded.

Let the judgment of the court below be affirmed, with costs.

TURNER, J., and LANGFORD, J., concurred.